590 So.2d 830 (1991)
Irvin MAGRI
v.
WESTINGHOUSE ELECTRIC, INC. and K. Broussard.
No. 90-CA-1742.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1991.
Kevin A. Rieth, Gretna, for plaintiff-appellant.
Ernest P. Gieger, Jr., Robert W. Maxwell, Pulaski, Gieger & Laborde, New Orleans, for defendants-appellees.
Before SCHOTT, C.J., and BARRY and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff Irvin Magri appeals the dismissal of his suit against defendants Westinghouse and Kevin Broussard. The trial court dismissed the suit with prejudice January 16, 1990 after the plaintiff repeatedly failed to appear to be deposed and to answer interrogatories satisfactorily. We affirm.
The plaintiff instituted this product liability suit on January 30, 1989 based on injuries allegedly sustained in an elevator accident on June 19, 1988. On March 28, 1989 defendant Westinghouse, manufacturer of the elevator, propounded written interrogatories and requests for documents to plaintiff. Westinghouse filed a notice of the deposition of the plaintiff April 21, 1989 setting his deposition for May 15, 1989.
On May 15, 1989, counsel for Westinghouse appeared at the office of plaintiff's counsel, Robert Caluda. Caluda's staff informed defense counsel that plaintiff dismissed Caluda and had hired Leonard Cline as his counsel. Defense counsel contacted Cline who reported he had just received the file. The parties agreed to reschedule the deposition for July 26, 1989. On June 29, 1989, the plaintiff was served with a subpoena ordering him to appear at the deposition. On June 30, 1989, Westinghouse counsel filed a motion to compel answers to the interrogatories and responses to the requests for production of documents. Hearing was set for August 1, 1989.
*831 On July 24, 1989, Cline's office contacted defense counsel and informed him that Cline could not appear at the deposition due to a scheduling conflict. Defense counsel objected to the postponing of the deposition and proposed it be conducted later in the day of July 26, 1989. Cline's staff then informed counsel that in fact plaintiff was not ready to give his deposition and that he refused to do so. The plaintiff and Cline failed to appear on July 26. Westinghouse counsel conducted a proces verbal on that day.
On July 31, 1989, prior to the August 1, 1989 hearing on the motion to compel, Cline executed a consent judgment, agreeing to file full and complete answers to the interrogatories by August 11, 1989. On August 16, 1989, the plaintiff forwarded discovery responses the defense deemed incomplete. Westinghouse counsel sought supplementary answers and Cline agreed to provide more complete responses by September 10, 1989.
Correspondence between Cline and defense counsel reveals that the relationship between the plaintiff and Cline deteriorated and that Cline became increasingly displeased with plaintiff's actions. Cline evidently began to consider withdrawing from the case. The plaintiff eventually took the case file from Cline. The plaintiff never filed supplementary discovery answers and never appeared for deposition. The defense motion to dismiss was served on plaintiff through Cline. At a hearing on the motion January 12, 1990, the trial court granted the motion. The judgment of dismissal, signed on January 16, shows that plaintiff was represented at the hearing by another attorney, Paul Yeager. An order permitting Cline to withdraw from the case was signed on January 16.
Yet another attorney, Frank Zaccaria, Jr., filed plaintiff's motion for appeal on March 16, 1990. Plaintiff's fifth counsel, Kevin Reith, filed his appellate brief.
C.C.P. art. 1471(3) provides that if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may order that the action be dismissed. A trial judge has much discretion in imposing sanctions for failure to comply with a discovery order and his choice of sanctions will not be reversed absent a clear showing that he abused his discretion. Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985).
We are cognizant that a dismissal of a suit with prejudice is a harsh remedy. However, we find that the trial court did not abuse its discretion in dismissing this case. Although dismissal may be inappropriate in a case where the attorney, and not his client, is at fault in failing to make discovery, Allen v. Smith, 390 So.2d 1300 (La.1980), we find that the plaintiff was at fault in this case. Plaintiff dismissed his first counsel only shortly before his first scheduled deposition. The dismissal was in the words of his first counsel, Caluda, "without cause." He did not give the file to his second counsel until immediately before the deposition. His deposition was postponed ten weeks. He was served with a subpoena four weeks before the second scheduled deposition. At that time he was not ready or willing to be deposed. The plaintiff never appeared to be deposed and never satisfactorily answered the defense interrogatories or requests for documents.
When a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified. Id.; Landry v. LeMaire, 527 So.2d 595 (La.App. 3rd Cir.1988). In his brief, the plaintiff does not provide sufficient reasons to justify his failure to respond to discovery orders. His argument that his counsel was disorganized is unsubstantiated. It appears that the plaintiff was in fact uncooperative with counsel and that he repeatedly changed counsel. We can find no abuse of discretion in the trial court's order dismissing plaintiff's claim with prejudice.
For the foregoing reasons, we affirm the ruling of the trial court.
AFFIRMED.