769 So.2d 650 (2000)
Jan A. PAYNE, Individually, on behalf of her minor child, Dominique Marie Payne and on behalf of the Estate of Richard C. Payne, Jr.
v.
Herbert GREEN and FFE Transportation Services, Inc.
No. 2000-C-1655.
Court of Appeal of Louisiana, Fourth Circuit.
August 30, 2000.
*651 Scott W. McQuaig, McQuaig & Stelly, Metairie, Louisiana, Counsel for Relator.
R. Justin Garon, Scott E. Silbert, Silbert & Garon, L.L.P., New Orleans, Louisiana, Counsel for Respondent.
Court composed of Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY and Judge Pro Tem. PATRICK M. SCHOTT.
SCHOTT, Judge Pro Tem.
On the application of Herbert Green and FFE Transportation Services, Inc., we grant certiorari in order to review the judgment of the trial court, striking defendants' answers to plaintiff's petition and limiting discovery.
Plaintiff filed suit after her husband was struck and killed by a tractor-trailer rig while fixing a flat tire in the emergency lane on I-IO. At the time, defendant Green was driving the rig, which was owned by defendant FFE.
From the outset, discovery between the parties was highly contentious. Eventually the parties agreed to enter a consent judgment which would give the defendants 14 days to comply with plaintiff's previously propounded discovery requests. Plaintiff's counsel prepared a consent judgment that stated defendants' failure to comply without explanation would subject defendants to sanctions by the court. Plaintiff's counsel then faxed a copy of this prepared judgment to defense counsel for his approval. Defense counsel, objecting to the sanction language, marked it out and faxed the judgment back to plaintiff's counsel. Despite defendants' objection, plaintiff's counsel submitted the consent judgment, which included the sanction language, to the trial judge for approval. The trial judge signed the consent judgment on May 24, 1999.
On the 15th day, dissatisfied with defendants' discovery responses, plaintiff filed a rule for contempt. On July 30, 1999, a hearing on the rule was held but defense counsel failed to appear. Finding the defendants to be in contempt, the trial judge rendered his judgment on August 2, 1999, striking the defendants' answer and entering a preliminary default against them. The trial judge also ordered the defendants to pay plaintiff's attorney's fees in the amount of $1500.
Defendants filed a motion for new trial as well as another answer to avoid confirmation of the default. Following a hearing, the trial judge denied the motion for new trial. Defendants appealed but later withdrew their appeal.
In the meantime, plaintiff filed a Motion to Strike defendants' second answer, for Protective Order, for Clarification and Contempt. Following a hearing, the trial court rendered judgment striking defendant's second answer and granting the protective order to limit defendants' discovery to issues related to damages only. It is from this May 30, 2000, judgment that the defendants filed the instant writ application.
It is well settled that a trial court has much discretion in selecting appropriate sanctions for failure to comply with discovery orders. LSA-C.C.P. art. 1471; Magri v. Westinghouse Electric, Inc., 590 So.2d 830 (La.App. 4th Cir.1991). LSA-C.C.P. art. 1471, which provides the sanctions available against a party failing to comply with discovery orders, allows the trial court to sanction a disobedient party with dismissal or a default judgment. Both dismissal and default are draconian penalties which should be applied only in extreme circumstances. Allen v. Smith, 390 So.2d 1300 (La.1980). Dismissal and default are generally reserved for those cases in which the client, as well as the attorney, is at fault. The record must *652 support "a finding that the failure was due to ... willfulness, bad faith, or fault." Id., 390 So.2d at 1302.
Defendants argue that the trial court's striking their answer(s), granting the preliminary default and limiting discovery have caused irreparable injury. They contend that such sanctions are excessive and punitive, citing Horton v. McCary, 635 So.2d 199 (La.1994). In Horton, the accident victims injured in a collision with a tractor trailer rig filed suit against the driver, his employer and its insurer. After the defendants failed to comply with requests for production of documents and to answer interrogatories, plaintiff filed a motion to compel. The trial judge rendered judgment ordering the defendants to comply within ten days subject to the granting of a default judgment on the issue of liability for noncompliance. Believing the defendants' answers and responses were incomplete, plaintiff filed a rule for contempt. Following a lengthy hearing, the trial judge, concluding there was a pattern of withholding information on the part of the defendants but not defense counsel, sanctioned defendants by rendering a default judgment on the issue of liability. A jury subsequently tried the issue of damages and awarded the plaintiff several million dollars.
On appeal, the Supreme Court reversed the default judgment on liability. The Court stated that La. C.C.P. art. 1471, like Federal Rule 37, allows the trial court to sanction a disobedient party with dismissal or a default judgment. The Court recognized four factors considered by Federal Courts before granting a default judgment: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. The Court found that the defendants, through counsel, gave incorrect and incomplete discovery responses to the plaintiff shortly before the discovery cutoff, subjecting the plaintiff to prejudice. The Court also found that the defendants had been warned, through counsel, that noncompliance would result in a severe sanction. Because the evidence disclosed that the defendants had obtained new counsel after their prior attorney failed to communicate with them, the Supreme Court determined that there was no evidence that the defendant clients had participated in violating the trial court's pretrial discovery orders and the trial court erred in granting a default judgment. The court remanded the case for a hearing to determine whether the clients were individually responsible for the discovery misconduct as opposed to their attorneys.
In this case, the defendants argue that as of the date of the hearing on the motion to strike their second answer and motion for protective order, they had complied with plaintiff's discovery request. According to them, plaintiff's contention that they failed to turn over the driver's logbook is unfounded. Defendants note that the plaintiff propounded discovery on the corporate employer and not the driver to obtain the driver's logbook. Defendants did not provide the plaintiff with the logbook when they initially requested it because defendants said it had been discarded or destroyed in compliance with company policy. It wasn't until the driver disclosed at his deposition that he had his copy of the logbook at his home did the defendants learn it was available and turned it over to the plaintiff. Defendants contend that had plaintiff propounded the request for the log on the driver rather than his employer then they would have obtained it sooner. As for all other discovery requests, defendants claim they have complied with plaintiff's request.
Defendants also argue that the trial court's sanctions are extreme because neither their nor their attorneys' failure to comply was willful and done in bad faith. Defendants claim that plaintiff's dissatisfaction *653 with Mr. Green's answers to interrogatories can be attributed to the driver's lack of education and not bad faith on his part. To the contrary, they suggest it was plaintiff's attorney who acted in bad faith when he presented the consent judgment to the trial judge for approval, knowing defense counsel specifically objected to the sanction language. Although defendants claim no defense attorney ever received proper notice of the contempt hearing, plaintiff attached to her opposition a copy of the service card issued by the civil sheriff confirming service on the defendants.
In the opposition, plaintiff argues defendants failed to comply with Uniform Rule 4-3 by not filing a writ application within 30 days of the trial court's August 2, 1999 judgment striking their original answer and entering the preliminary default. Plaintiff argues that the defendants are precluded from obtaining relief from the trial court's May 30, 2000 judgment, as it merely re-imposed the sanctions of the earlier August 1999 judgment. To allow the defendants to seek relief now, plaintiff contends, is giving defendants "two bites at the apple." Plaintiff claims that she had no choice but to file her motion to strike the defendants second answer and for protective order and clarification because the defendants disregarded the court's order and filed a second answer. According to the plaintiff, only after the defendants realized they could no longer obtain relief from the trial court's August 1999 judgment, did they move to set for hearing plaintiff's motion to strike the second answer.
In the judgment complained of herein the court decreed that "any and all answers filed by defendants ... are hereby stricken." In the absence of that judgment defendants' answer would be on the record and affirmative defenses such as contributory negligence and comparative fault would be available to them. Consequently, defendants now have substantially greater exposure than they would if they were able to offer affirmative defenses.
The problem is that the clients may be getting punished for their attorneys' misconduct. As in the Horton case the defendants herein are entitled to a hearing to determine whether they were at fault. If, after a hearing, the trial court concludes that they were the innocent victims of their attorneys' conduct (misconduct) they should not be subjected to the severe penalties imposed upon them.
Accordingly, that portion of the judgment of May 30, 2000, striking the answers filed by defendants and limiting their discovery to damages issues is reversed and set aside, and the case is remanded to the trial court for further proceedings.
REVERSED IN PART AND REMANDED.
MURRAY, J., concurs in the result.