901 So.2d 630 (2005)
Herman LANE
v.
Margaret KENNAN, State Farm Insurance Agency, and Their XYZ Insurance Carrier.
No. 2004-CA-2118.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 2005.
Rehearing Denied May 16, 2005.
*631 Pius A. Obioha, New Orleans, LA, for Plaintiff/Appellant.
Fred M. Trowbridge, Jr., Porteous, Hainkel & Johnson, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., and Judge EDWIN A. LOMBARD).
MAX N. TOBIAS, JR., Judge.
The plaintiff, Herman Lane ("Lane"), was allegedly injured on 28 January 2003 when, as a pedestrian, he was struck by an automobile being driven by Margaret Keenan and insured by State Farm Mutual Automobile Insurance Company (collectively hereinafter, the "defendants"). He filed suit on 23 January 2004 while he was domiciled in Orleans Parish, but subsequently moved to Georgia. The defendants sent interrogatories and requests for production of documents to Lane on 16 March 2004. Lane did not respond. The defendants filed a notice of deposition of Lane on 13 April 2004, setting the deposition for 25 May 2004 at the offices of Lane's counsel. Lane failed to appear for the deposition. On 16 June 2004, the defendants filed a motion to compel Lane's deposition and for expenses and attorney's fees. The motion to compel was served on Lane's counsel on 18 June 2004. No response was received. On 2 July 2004, Lane through his counsel, consented to appear at a deposition on either 2 August 2004 or 4 August 2004. The court signed a consent judgment to that effect. The deposition was scheduled for 4 August 2004 and a notice of deposition was issued to that effect on 15 July 2004. On 28 July 2004, the defendants filed a motion to compel answers to the discovery previously sought.[1] Lane failed to appear at the scheduled deposition 4 August 2004. On 12 August 2004, the defendants filed a motion to dismiss Lane's suit for failure to "make discovery" and a hearing was set for 24 September 2004. Neither Lane nor his counsel of record appeared at the hearing on 24 September 2004 and no opposition was filed to the motion until 16 November 2004, weeks after the scheduled hearing of the motion. The trial court *632 granted the motion, dismissed Lane's case with prejudice, and signed a judgment on 29 September 2004. This timely appeal followed.
Article 1471 of the Louisiana Code of Civil Procedure provides:
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
Article 1471(3) of the Louisiana Code of Civil Procedure states that if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may order that the action be dismissed. A trial judge has much discretion in imposing sanctions for failure to comply with a discovery order, and the judge's choice of sanctions will not be reversed absent a clear showing that the judge abused that discretion. Magri v. Westinghouse Elec., Inc., 590 So.2d 830, 831 (La.App. 4th Cir.1991); Fulgham v. An Unknown Police Officer, 480 So.2d 417, 418 (La.App. 4th Cir.1985).
A dismissal of a suit with prejudice is a harsh remedy. Magri, 590 So.2d at 831. When a failure to comply with discovery occurs, it becomes incumbent upon the disobedient party to show that the failure was justified. Id.; Landry v. LeMaire, 527 So.2d 595, 598 (La.App. 3rd Cir.1988). In Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199, the Louisiana Supreme Court adopted the federal courts four-factor test to consider before taking the drastic action of dismissal. These factors are: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; *633 and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. Id., 635 So.2d at 203; see also Hutchinson v. Westport Ins. Corp., 04-1592 (La.11/8/04), 886 So.2d 438.
In the case at bar, Lane does not provide sufficient reasons to justify his failure to respond to discovery orders. He did not appear at his first deposition. He did not answer interrogatories or requests for admission. He did not respond to a motion to compel. He did not appear at a deposition to which he consented; the consent was commemorated by a formal judgment. His non-appearance on 4 August 2004 was a direct violation of a court order. Both he and his counsel of record failed to respond to the motion to dismiss the case prior to the hearing on the motion. Although Lanes counsel makes an assertion in his late filed memorandum in opposition to the motion that Lane's job in Georgia entails a "rigid work schedule" that prevents him from making appearances in his Louisiana suit, this assertion is unsupported by formal evidence.
Nevertheless, the record on appeal is devoid of evidence that Lane had personal knowledge of the existence of the filing of the motion to dismiss. No evidence establishes that he was served with the motion; only his counsel of record was served on 13 August 2004. In that same regard, all other discovery and motions related to compel compliance were served upon Lane's counsel, not Lane. In Allen v. Smith, 390 So.2d 1300, 1302 (La.1980), the Louisiana Supreme Court declined to dismiss a suit with prejudice where the disobedient party's failure was not demonstrated to be willful, in bad faith, or through fault. The record on appeal contains no transcript of the 24 September 2004 hearing at which both Lane and his counsel failed to appear; thus this court has no indication what evidence, if any, was received by the court to justify a dismissal with prejudice. Consequently, we have no evidence whether Lane personally participated in the violation, simply misunderstood a court order, or innocently hired a derelict lawyer. Horton, 635 So.2d at 203. Under these circumstances, we find that the appropriate sanction was a dismissal of Lane's suit without prejudice.
Accordingly, we amend the judgment of the trial court to dismiss Lanes suit without prejudice, and as amended, we affirm the judgment of the trial court.
AMENDED; AFFIRMED AS AMENDED.
MURRAY, J., dissents and assigns reasons.
McKAY, J., dissents.
MURRAY, J., dissenting.
I do not agree with the majority's amendment of the judgment to dismiss without prejudice. For the following reasons, I would affirm the trial court's judgment as rendered.
The majority concludes that the trial court lacked the discretion to dismiss with prejudice because the record contains no evidence that the plaintiff, Mr. Lane, had personal knowledge (as opposed to his attorney's knowledge) of the filing of the motion to dismiss or any of the motions to compel his compliance with discovery. However, the plaintiff does not argue, either in his "opposition," which was filed in the trial court six weeks after that court had rendered judgment, or in his brief to this court, that he lacked personal knowledge. In fact, the plaintiff's brief to this court asserts that he missed the court-ordered deposition because "he was unable to obtain employment permission to return to Louisiana." This assertion, although *634 not evidence, nevertheless indicates that the plaintiff was aware of the scheduled deposition.
The majority further reasons that, in the absence of a transcript of the September 24, 2004 hearing, this court has no indication of what evidence was received by the trial court to justify its ruling. I disagree. The record contains the July 2, 2004 judgment compelling the plaintiff to appear on a certain date for his deposition. The record also contains evidence of service on the plaintiff's counsel of this motion, the motion to dismiss and a prior motion to compel As neither the plaintiff nor his counsel was present at the hearing, I believe the trial court did not abuse its discretion by dismissing with prejudice based upon the documents in the record.
The case upon which the majority relies, Allen v. Smith, 390 So.2d 1300 (La.1980), is distinguishable because it did not involve court-ordered discovery as does the instant case. More importantly, the Supreme Court did not amend to dismiss without prejudice; it vacated the dismissal and remanded for further proceedings, including the entry of an order compelling discovery. I therefore do not believe the Allen case is authority for amending the judgment in the instant case.
Accordingly, I respectfully dissent from the amendment of the judgment.
McKAY, J., dissenting.
I respectfully dissent from the majority's decision to amend the judgment of the trial court. The majority's opinion is based upon conjecture and speculation. There is nothing in the record before this Court to indicate any abuse of discretion on the part of the trial court.
NOTES
[1] The motion was set for hearing 9 October 2004, but was never ruled upon due to the dismissal of the case by the judgment of 29 September 2004