ROLAND L. BELSOME, Judge.
 

 | Defendant-Appellant Jeffrey Swope appeals the trial court’s grant of a default judgment awarding damages to Plaintiff-Appellee, At Your Service Enterprises, Inc., and dismissing Mr. Swope’s reconven-tional demand. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On January 8, 2006, At Your Service Enterprises, Inc. (“AYSI”) was contracted to repair damages to Appellant Jeffrey Swope’s home resulting from Hurricane Katrina, and was to be paid the sum of $1,212,921.38. Appellant issued a down payment of $10,000.00 to AYSI. A subsequent $250,000.00 check from Appellant to AYSI was returned for insufficient funds, but was later re-issued.
 

 AYSI began repairs on Appellant’s home in January 2006, and completed construction by the agreed-upon deadline in June 2006. Because Appellant failed to issue payment to AYSI for the balance of the repairs, on June 20, 2006, AYSI filed suit. The petition sought recovery of the unpaid balance of $648,198.90 for labor and materials and $121,946.96 in emergency service repairs and attorney’s fees. Appellant filed a reconventional demand and answered AYSI’s principal claim on November 17, 2006.
 

 On March 26, 2007, counsel for AYSI filed a motion to compel Appellant to answer discovery that was propounded on December 20, 2006, asserting that Appellant had not answered or objected to the discovery requests, nor provided an ^explanation for not answering the discovery.
 
 [1]
 
 The motion was set for hearing on
 
 *140
 
 May 25, 2007. Noting that the matter was set for trial on July 2, 2007,
 
 [2]
 
 counsel for AYSI requested that the court strike Appellant’s available defenses and right to produce any witnesses or exhibits if discovery was not completed within fourteen days.
 

 Counsel for Appellant acknowledged the upcoming July 2, 2007 trial date, noting that the reconventional demand had not yet been answered. After hearing objections by counsel for Appellant regarding the forfeiture of rights for failure to answer discovery, the court ordered discovery responses within fourteen days, advising counsel for AYSI that he could pursue sanctions if the discovery responses were not received by the deadline. A Consent Judgment, which plainly provided that Appellant would provide complete discovery responses by June 7, 2007, was signed by the court and counsel for both parties at the conclusion of the May 25, 2007 hearing.
 
 [3]
 

 At trial on July 2, 2007, neither Mr. Swope nor his counsel made an appearance. Counsel for AYSI confirmed that as of that date, no discovery responses had been received from Mr. Swope or his counsel. With the court’s permission, AYSI set forth evidence in an attempt to establish a prima facie case. AYSI introduced several exhibits into the record and offered extensive testimony | ofrom John Susan, the owner of AYSI, and Sophie Curol, a project manager at the job site. Based upon the evidence received and the testimony given, the court granted a judgment in favor of AYSI. Additionally, the court dismissed Appellant’s reconventional demand and pleadings.
 
 [4]
 

 On July 9, 2007, Appellant filed a Motion for New Trial, which the court set for hearing on August 31, 2007. At the hearing, however, neither Mr. Swope nor his counsel appeared. As a result, the court dismissed the Motion for New Trial and awarded AYSI $2,500.00 in attorney’s fees, plus costs incurred in responding to the Motion for New Trial in the amount of $50.00.
 
 [5]
 
 On October 11, 2007, Appellant filed a motion for a devolutive appeal.
 

 STANDARD OF REVIEW
 

 As established by this Court in
 
 Morgan v. City of New Orleans,
 
 94-0874 (La.App. 4 Cir. 12/15/94), 647 So.2d 1308, an appellate court reviews a judgment of dismissal to determine whether the plaintiff established a prima facie case by a preponderance of the evidence.
 
 Kelly v.
 
 
 *141
 

 Housing Authority of New Orleans,
 
 02-0624, p. 6 (La.App. 4 Cir. 8/14/02), 826 So.2d 571, 575 (citing
 
 Morgan, supra).
 
 Similarly, it is well-settled that an appellate court’s review of a default
 
 [6]
 
 judgment is restricted to determining whether the record demonstrates sufficient evidence of a prima facie case.
 
 Gresham v. Production Management, Inc.,
 
 02-1228, pp. 3-4 (La.App. 4 Cir. 2/11/04), 868 So.2d 171, 175;
 
 Mossy Motors v. Cameras America,
 
 | ,02-1536, p. 3 (La.App. 4 Cir. 6/25/03), 851 So.2d 336, 339;
 
 Colonial Bank v. Baptiste,
 
 370 So.2d 681, 682 (La.App. 4 Cir.1979). A trial court’s wide discretion in determining appropriate sanctions for failure to comply with discovery orders will not be reversed absent a clear showing of an abuse of that discretion.
 
 Magri v. Westinghouse Elec., Inc.,
 
 590 So.2d 830, 831 (La.App. 4 Cir. 1991).
 

 DISCUSSION
 

 Appellant alleges three assignments of error. First, he alleges the district court erred in dismissing the reconventional demand where no answer or other responsive pleadings were filed by AYSI. Second, he argues that the trial court erred in proceeding to trial when there were outstanding discovery matters and when responses had not been filed to incidental actions. In his third and final assignment of error, he submits that the trial court erred in applying La.Code Civ. Proc. art. 1471 because counsel and the court agreed it would not be applied, and moreover, that such relief was not requested by Appellee or addressed at the time of trial.
 

 Assignments of Error # 1 and
 
 #
 
 2
 

 Appellant argues that the trial court erred in allowing the matter to proceed to trial, in contravention of Local Rule 10.1 and La. C.C.P. art. 1571(A)(2), when responses had not been filed to incidental actions and discovery matters were outstanding. Likewise, Appellant submits that the trial court erred in dismissing the reconventional demand when no answer or responsive pleadings had been filed by AYSI.
 

 Local Rule 10.1 of the Uniform Rules for District Courts provides that a party filing a discovery motion must first attempt to arrange a conference with the opposing party to try to resolve the discovery dispute and that a discovery motion must include a certificate stating that the parties conferred and why they were unable to agree or that opposing counsel refused to confer after reasonable notice.
 
 Trahan v. State ex rel. Dept. of Health and Hospitals,
 
 04-743, p. 6 (La.App. 3 Cir 11/10/04), 886 So.2d 1245, 1251. A strict reading of Rule 10.1 reveals no restriction upon a court from setting a matter for trial with outstanding discovery. Additionally, it has been noted that “[ljocal rules of court are intended solely to aid in the orderly and efficient conduct of litigation and are not to be construed so literally as to defeat them intended purpose.”
 
 Trahan,
 
 04-743, p. 7, 886 So.2d at 1251 (quoting
 
 Miller v. Miller,
 
 35,934 (LaApp. 2 Cir. 5/8/02), 817 So.2d 1166, 1172,
 
 writ denied,
 
 02-1890 (La.10/25/02), 827 So.2d 1154). Moreover, “the trial court has great discretion in the construction, interpretation, application or enforcement of its own rules.”
 
 Id.
 
 With respect to the first portion of this assignment of error, we find Mr. Swope’s argument to be without merit.
 

 
 *142
 
 We next turn to Appellant’s argument regarding the application of La.Code Civ. Proc. art. 1571(A)(2), which disallows “the assignment of ordinary proceedings for trial except after answer filed.” In this case, no answer was filed by AYSI to Appellant’s reconventional demand. Nevertheless, upon reviewing the particular facts and circumstances of this case in conjunction with La.Code Civ. Proc. art. 1471(A)(3), we find that the trial court did not abuse its vast discretion in setting the matter for trial.
 

 Article 1471(A)(3) provides that when a party fails to obey an order to provide or permit discovery, the court in which the action is pending may take the following actions:
 

 (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or | ^dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
 

 La.Code Civ. Proc. art. 1471(A)(3)(empha-sis added).
 

 Accordingly, Article 1471(A)(3) provides that rendering judgment by default is an action available to the court for the failure of a party to obey an order to provide or permit discovery.
 
 [7]
 
 In this case, a review of the transcript of the proceedings on May 25, 2007 reveals that Appellant had actual knowledge of the July 2, 2007 trial date. We agree with our brethren in the Third Circuit, who reasoned that such an acknowledgment constitutes a waiver under La. C.C.P. art. 1571.
 
 National Union Fire Ins. Co. of Pittsburgh, PA v. Cagle,
 
 94-322 (La.App. 3 Cir. 11/2/94), 649 So.2d 642, 645 at n. 5 (“[b]y agreeing to the trial date, [Defendants-Appellees] presumably waived [their] rights under La. C.C.P. art. 1571, which provision prohibits the setting of a trial date before an answer has been filed”).
 
 [8]
 
 A review of the record reveals no request for a continuance of the trial date, nor any objection to the trial date filed on behalf of Appellant.
 

 Furthermore, at the conclusion of the May 25, 2007 proceedings, Appellant executed a Consent Judgment, promising to provide discovery responses to Appellee within fourteen days; Appellant failed to comply.
 
 [9]
 
 Thus, Appellant’s contemptuous failure to comply with the court-ordered discovery falls squarely into the mandates of Article 1471 as a “fail[ure] to obey an order to provide or permit discovery.” La. Code Civ. Proc. art. 1471. Likewise, the Louisiana Supreme Court has held that “[IJitigants cannot refuse to make a good faith effort [7to respond to discovery; if they do[,] they run the risk of incurring sanctions, up to and including dismissal and default.”
 
 Hutchinson v. Westport Ins. Co.,
 
 2004-1592, p. 4 (La.11/8/04), 886 So.2d 438, 441. Accordingly, the trial court’s dismissal of the reconventional demand and judgment in favor of AYSI was a remedy available to the trial court pursuant to the plain language of Article 1471(A)(3). La.Code Civ. Proc. art. 1471(A)(3).
 
 [10]
 

 
 *143
 
 Finally, it must be noted that it is well-settled that a trial court is vested with inherent power to maintain control of its docket.
 
 Boykins v. Boykins,
 
 2004-0999, p. 5 (La.App. 4 Cir. 4/24/07), 958 So.2d 70, 74 (“A trial judge has wide discretion in controlling his docket.”).
 
 [11]
 
 This Court has likewise recognized a trial court’s vast discretion with respect to imposing sanctions for failure to comply with discovery orders.
 
 Lane v. Kennan,
 
 2004-2118, p. 3 (La.App. 4 Cir. 4/27/05), 901 So.2d 630, 632,
 
 rehearing denied, writ denied,
 
 2005-1417 (La.12/12/05), 917 So.2d 1084 (“A trial judge has much discretion in imposing sanctions for failure to comply with a discovery order, and the judge’s choice of sanctions will not be reversed absent a clear showing that the judge abused that discretion.”).
 
 [12]
 

 Appellant’s refusal to comply with court-ordered discovery, pursuant to the Consent Judgment executed by Appellant in open court, also supports the | ^imposition of severe sanctions. “There is a distinction between the sanctions available for failure to comply with discovery and the sanctions , available for disobedience of
 
 court ordered
 
 discovery.”
 
 Medical Review Panel Proceedings of Peter v. Touro Infirmary,
 
 2005-0317, p. 4 (La.App. 4 Cir. 7/6/05), 913 So.2d 131, 134 (emphasis added). “Refusal to comply with court ordered discovery is a serious matter, and trial judges must have severe sanctions available to them to deter litigants from flouting discovery orders.”
 
 Id.
 
 (citing
 
 Horton v. McCary,
 
 93-2315 (La.4/11/94), 635 So.2d 199, 203).
 

 Dismissal is a severe penalty, however, and should be imposed as a last resort, and only after the litigant has been afforded the opportunity to be heard.
 
 Id.
 
 Dismissal is appropriate when a party is aware that noncompliance with discovery requests will result in a dismissal.
 
 Raspanti v. Litchfield,
 
 2005-1512, p. 10 (La. App. 4 Cir. 11/21/06), 946 So.2d 234, 241 (quoting
 
 Helm v. Mervyn’s Dep’t Store,
 
 97-0547 (La.App. 4 Cir. 8/20/97), 699 So.2d 129, 131). Finally, when a plaintiffs claims are dismissed pursuant to La.Code Civ. Proc. art. 1471, an inquiry should generally be made into whether the noncompliance was associated with willfulness, bad faith or fault of the party, and not merely the attorney.
 
 Raspanti,
 
 05-1512, p. 10, 946 So.2d at 241.
 

 In the instant case, after hearing arguments from both parties at the motion to compel hearing, the trial court granted Appellant an additional fourteen days to answer the discovery. Thus, Appellant
 
 *144
 
 was indisputably pi’ovided the opportunity to be heard during the May 25, 2007 proceedings. Appellant was ordered to produce the responses within fourteen days, to which he ultimately agreed and | nexecuted a Consent Judgment in open court.
 
 [13]
 
 Moreover, had Appellant made an appearance on the date of trial, or at his own subsequent motion for a new trial, Appellant would have had another opportunity to be heard regarding the failure to comply with the court ordered discovery; however, Appellant failed to appear on either occasion. Accordingly, we find that Appellant was afforded ample opportunity to be heard by the trial court prior to the dismissal. With respect to whether Appellant was aware that dismissal was a potential consequence of failing to comply with court ordered discovery, the record evidences that the court advised counsel for AYSI during the May 25, 2007 proceedings to seek whatever sanctions it deemed appropriate if Appellant failed to provide discovery responses within the time allotted. Despite this knowledge, Appellant not only failed to provide discovery responses within the time allotted, but also failed to provide discovery responses or appear on the date of trial.
 

 In this case, a review of the record does not establish whether the noncompliance was attributable to Appellant himself, or merely to counsel for Appellant. The instant case presents an unusual set of facts and circumstances, however, because Appellant not only failed to answer court ordered discovery in violation of a Consent Judgment, but also failed to appear on the date of trial. Louisiana law plainly provides that failure to appear on the date of trial mandates dismissal of a party’s claims:
 

 A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial.
 

 110La.Code Civ. Proc. art. 1672(A)(l)(em-phasis added). The facts and circumstances of this case are thus distinguishable from the cases reviewing a trial court’s dismissal for simply failing to comply with discovery orders, as Appellant in this case not only refused to comply with court ordered discovery, but also failed to appear, without explanation, on the date set for trial.
 
 [14]
 
 La.Code Civ. Proc. art. 1672.
 

 
 *145
 
 Accordingly, we cannot say that the trial court abused its vast discretion in setting the matter for trial, proceeding to trial, maintaining control of its docket, dismissing Appellant’s reconventional demand
 
 [15]
 
 and granting judgment in favor of AYSI. In this case, Appellant had actual notice of a pre-trial conference at which he and his counsel failed to appear; Appellant contemptuously failed to comply with the Consent Judgment that was executed by the parties in open court, thus refusing to comply -with court-ordered discovery; neither Appellant nor his counsel appeared on the morning of trial despite having actual notice and knowledge of the trial date; and, also without explanation, Appellant failed to appear at his own ^motion for a new trial. Based on the foregoing, the first and second assignments of error are without merit.
 

 Assignment of Error # 3
 

 In Appellant’s third and final assignment of error, he alleges that the court erred in applying La.Code Civ. Proc. art. 1471 because all counsel and the court agreed that the article would not be applied, and because such relief was not requested by AYSI or addressed at trial. In support of this argument, Appellant submits that the erossed-out language in the Consent Judgment operated as an agreement that the remedies available to the court pursuant to Article 1471(A)(3) would not be applied. Appellant cites to no authority for this proposition, and we have found none. Moreover, Appellant’s argument that counsel for AYSI did not specifically request relief under Article 1471 fails, as no such requirement exists.
 

 Likewise, Appellant’s argument that the testimony at trial reveals no mention of striking defenses or incidental actions also fails. A review of the trial transcript evidences that at the conclusion of the presentation of its case, counsel for AYSI requested that the court grant a judgment in favor of AYSI; that any pleadings filed by counsel for Appellant be dismissed; and that Appellant’s answer and reconventional demand be stricken. In response, the court stated that based on the testimony given and the evidence received, Appellant’s response and any defenses would be struck, and that the reconventional demand would be dismissed. Moreover, before the trial commenced, counsel for AYSI moved that all Requests for Admissions that were properly filed be deemed admitted, to which the court agreed, noting that all of Swope’s defenses would also be stricken. This assignment of error lacks merit.
 

 CONCLUSION
 

 | igFor the aforementioned reasons, we find no abuse of discretion by the trial court in proceeding to trial, dismissing Appellant’s reconventional demand and granting judgment in favor of AYSI, as the trial court was free to do so in its discretion pursuant to La.Code Civ. Proc. arts. 1471(A)(3) and 1672(A)(1). We find that
 
 *146
 
 Appellant’s violations were willful; that considering Appellant’s repeated failure to appear before the court or comply with court ordered discovery, less drastic sanctions would be ineffective; and that Appellant’s violations unequivocally prejudiced AYSI’s trial preparation.
 
 Horton,
 
 635 So.2d at 203.
 

 We further conclude that pursuant to the mandates of La.Code Civ. Proc. arts. 1471(A)(3) and 1672(A)(1) and the egregious nature of Appellant’s conduct, particularly the inexcusable disrespect exhibited towards the trial court, a dismissal of the reconventional demand with prejudice is warranted under these circumstances.
 
 [16]
 
 A different result might be reached had Appellant merely failed to answer the court-ordered discovery; however, in this case, Appellant also failed to appear on the date of trial, and failed to appear at his own Motion for New Trial. The trial court’s judgment is hereby affirmed and amended to reflect a dismissal with prejudice.
 

 AFFIRMED AS AMENDED.
 

 JONES, J., dissents with reasons.
 

 JONES, J., dissents with reasons.
 

 _[jLa. C.C.P. art. 1571(A)(2) requires that an answer to be filed prior to the assignment of ordinary proceedings for trial. Upon reviewing the record, however, no answer was filed by At Your Service enterprises, Inc., to Mr. Swope’s reconventional demand. In order for the district court to be in compliance with La. C.C.P. art. 1571, it needed to sever the principal demand from the reconventional demand prior to rendering its judgment on the principal claim. Thus, for these reasons, I would reverse the judgment of the district court and remand this matter to the district court to sever the reconventional demand from the principal demand.
 

 [1]
 

 . The record evidences that counsel for AYSI issued correspondence to counsel for Mr. Swope on February 22, 2007, requesting a Rule 10.1 conference to be held on March 5, 2007. Counsel for AYSI avers in its memorandum in support of the motion to compel that on March 5, 2007, counsel for Mr. Swope advised that he would have his client's discovery responses to AYSI by March 14, 2007. Counsel for AYSI asserted that no discovery responses were received by March 14, 2007, at which time counsel for AYSI forwarded an e-mail to counsel for Mr. Swope informing him of the expired deadline and outstanding
 
 *140
 
 discovery requests. A review of the record reveals that counsel for AYSI stated in the March 15, 2007 e-mail correspondence to counsel for Mr. Swope that if the discovery responses were not received by March 19, 2007, a motion to compel would be filed.
 

 [2]
 

 . A review of the record reveals that notice of a May 17, 2007 pre-trial conference was issued by the court to both parties on March 26, 2007. At the pre-trial conference, the trial court signed a scheduling order setting the matter for trial on July 2, 2007 at 9:00 a.m. AYSI submits that neither Mr. Swope nor his counsel appeared at the pre-trial conference.
 

 [3]
 

 . The following sentence in the consent judgment was crossed out and initialed by both parties: "In the event that said discoveiy responses are not provided to plaintiff by the agreed upon date, all defenses will be stricken and defendant will forfeit his right to present witnesses and exhibits.”
 

 [4]
 

 . The record is silent as to whether the recon-ventional demand was dismissed with or without prejudice.
 

 [5]
 

 . At the hearing on the Motion for New Trial, counsel for AYSI requested sanctions in the amount of $5,000.00. However, the trial court found $2,500.00 to be a reasonable amount, and the signed judgment, dated September 10, 2007, refers to the $2,500.00 as an attorney's fee. This judgment was not appealed.
 

 [6]
 

 . Although the judgment itself is not captioned as a default judgment, the language in La.Code Civ. Proc. art. 1471(A)(3) references rendering a judgment by default against a disobedient party. Moreover, the trial transcript evidences that the trial court instructed counsel for AYSI to put on a prima facie case so that the court could "take this as a default."
 

 [7]
 

 . The case law does not reflect a discussion of La.Code Civ. Proc. art. 1571(A)(2)'s provisions in the face of a La.Code Civ. Proc. art. 1471 violation.
 

 [8]
 

 . In
 
 Cagle,
 
 an answer was ultimately filed on the morning of trial.
 

 [9]
 

 . A review of the record indicates that as of the date of trial (July 2, 2007), Appellant had still not responded to any discovery requests.
 

 [10]
 

 . Counsel for Swope crossed out language in the Consent Judgment (drafted by counsel for AYSI) which stated as follows: “In the event said discovery responses are not provided to plaintiff by the agreed upon date, all defenses
 
 *143
 
 will be stricken and defendant will forfeit his right to present witnesses and exhibits.”
 

 [11]
 

 . See also
 
 Crawford v. City of New Orleans,
 
 2001-0802, p. 4 (La.App. 4 Cir. 1/23/02), 807 So.2d 1054, 1056 ("[t]he trial judge has wide discretion in controlling his docket”);
 
 Hebert v. C.F. Bean Corporation,
 
 2000-1029, p. 3 (La.App. 4 Cir. 4/25/01), 785 So.2d 1029, 1031 ("A trial court judge has inherent power to take whatever reasonable actions are necessary to maintain control of his docket. ”)(citing
 
 Brower v. Quick Service Body Shop,
 
 377 So.2d 878 (La.App. 4 Cir. 1979)).
 

 Notably, when recognizing the trial judge’s power to take actions necessary to maintain control of his docket, this Court stated that ”[i]n this case it would appear that plaintiff would go on forever having the matter continued because of his voluntarily refusing to appear.”
 
 Brcrwer, supra
 
 (emphasis added).
 

 [12]
 

 . See also
 
 Payne v. Green,
 
 2000-1655, p. 2 (La.App. 4 Cir. 8/30/00), 769 So.2d 650, 651 ("It is well settled that a trial court has much discretion in selecting appropriate sanctions for failure to comply with discovery orders.”);
 
 Whelan v. New Orleans Opera Association/Travelers,
 
 95-2541 (La.App. 4 Cir. 7/31/96), 679 So.2d 176, 177 ("The trial court is vested with much discretion in imposing sanctions for failure to comply with its discovery orders.”).
 

 [13]
 

 . As previously noted, a review of the record indicates that Appellant did not file a motion for continuance.
 

 [14]
 

 . No case in this circuit making an inquiry as to whether the client also participated in the violations is analogous to the factual scenario in this case, as none involved a party who also failed to appear on the date of trial, thus triggering Article 1672(A)(1). See
 
 Hutchinson v. Westport Ins. Corp.,
 
 2004-1592 (La. 11/8/04), 886 So.2d 438 (dismissal after a 30 day extension from an order on a motion to compel);
 
 Horton v. McCary,
 
 93-2315 (La.4/11/94), 635 So.2d 199 (dismissal after second hearing);
 
 Allen v. Smith,
 
 390 So.2d 1300 (dismissal after a hearing and request for briefs);
 
 Raspanti, supra
 
 (dismissal after hearing and motion for contempt and sanctions);
 
 Medical Review Panel Proceedings of Peter v. Touro Infirmary, supra
 
 (dismissal after second hearing);
 
 Smith v. 4938 Prytania, Inc.,
 
 2004-0833 (La.App. 4 Cir. 1/26/05), 895 So.2d 65 (default judgment granted after motion to compel hearing);
 
 Barber v. Ichaso,
 
 2001-0213 (La.App. 4 Cir. 2/27/02), 811 So.2d 1128 (dismissal after failure to appear at deposition)
 
 Payne v. Green,
 
 00-1655 (La.App. 4 Cir. 8/30/00), 769 So.2d 650 (answer stricken and preliminary default granted after hearing on rule for contempt);
 
 LeBlanc v. GMAC Financial Serv.,
 
 97-0131 (La.App. 4 Cir. 5/28/97), 695 So.2d 1106)(dismissal after a hearing);
 
 Whelan v. New Orleans Opera Ass'n/Travelers,
 
 95-2541 (La.App. 4 Cir. 7/31/96), 679 So.2d 176 (dismissal after a motion to compel hearing);
 
 Youngblood
 
 v.
 
 Kambur,
 
 94-2458 (La. App. 4 Cir. 1/19/96), 668 So.2d 459 (dismissal after a transcribed hearing at which judge was not present);
 
 Creppel v. Tidewater Marine Service, Inc.,
 
 94-0984 (La.App. 4 Cir. 10/13/94), 644 So.2d 1071 (dismissal after
 
 *145
 
 motion to dismiss hearing for failure to appear at court-ordered IME);
 
 Lee v. United Fire & Cas. Co.,
 
 607 So.2d 685 (La.App. 4 Cir.l992)(dismissal after five hearings);
 
 Magri v. Westinghouse Electric, Inc.,
 
 590 So.2d 830 (La.App. 4 Cir,1991)(dismissal after second hearing);
 
 Rogers v. Charity Hosp. of Louisiana,
 
 537 So.2d 1267 (La.App. 4 Cir.l989)(dismissal after second hearing);
 
 Fulgham v. An Unknown Police Officer,
 
 480 So.2d 417 (La.App. 4 Cir.1985)(dismissal after motion to compel hearing);
 
 Precision Motors, Inc. v. Beder,
 
 273 So.2d 650 (La.App. 4 Cir.l972)(dismissal after hearing at which noncompliant party failed to appear).
 

 [15]
 

 . As previously noted, La. Civ.Code art. 1471(A)(3) specifically provides that dismissal of the action "or any part thereof" is one remedy available to the court, when, as here, a party has willfully disobeyed an order to permit or provide discovery.
 

 [16]
 

 . The trial courts are under a duty to schedule their trial work and dispose of same expeditiously to alleviate the continuous problem of crowded dockets. Trial counsel, as officers of the court, have corresponding duties of diligence, and to make a good-faith effort to assist the courts with the disposition of cases set for trial. When a trial counsel fails in this duty, through inexcusable neglect, he forfeits his day in court.
 

 Powell v. Giddens,
 
 271 So.2d 596, 598 (La. App. 1 Cir. 1972); see also
 
 Zarek v. Sanders,
 
 94-188, p. 6 (La.App. 5 Cir. 10/12/94), 656 So.2d 1038, 1041.