**CHRIS CARR, JR.**       *       **NO. 2019-CA-0310**

**VERSUS**       *

      **COURT OF APPEAL**

**GEICO CASUALTY**       *
**COMPANY AND SHANA**       **FOURTH CIRCUIT**
**FAIRCHILD**       *

      **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-00419, DIVISION "F"
Honorable Christopher J. Bruno, Judge
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Tiffany G. Chase)


DaShawn P. Hayes
THE HAYES LAW FIRM, PLC
1100 Poydras Street, Suite 1530
New Orleans, LA 70163


      COUNSEL FOR PLAINTIFF/APPELLANT


Alejandro "Alex" Cobar
LAW OFFICE OF ROBERTO R. AROSTEGUI
3510 N. Causeway Blvd., Suite 608
Metairie, LA 70002


      COUNSEL FOR DEFENDANT/APPELLEE


      **JUDGMENT AMENDED;**
      **AFFIRMED AS AMENDED**
      **OCTOBER 16, 2019**

This is an appeal from a judgment of dismissal granted in favor of defendants, GEICO Casualty Company and Shana Fairchild (collectively "GEICO"), against plaintiff, Chris Carr, Jr. (hereinafter "Mr. Carr"). After consideration of the record, and the applicable law, we amend the judgment of the trial court and affirm as amended.

## FACTUAL AND PROCEDURAL HISTORY

On January 13, 2017, Mr. Carr filed a petition for damages for injuries allegedly sustained in a November 26, 2016, automobile accident. GEICO served Mr. Carr with interrogatories and a request for production of documents by mail on March 30, 2017. Mr. Carr did not respond. Pursuant to Rule 10.1 of the Rules for Louisiana District Courts, a telephone conference was scheduled for October 2, 2017, to discuss the outstanding discovery. Counsel for Mr. Carr did not participate in the telephone conference. GEICO subsequently filed a motion to compel and a hearing on the matter was set for November 30, 2017.

On the morning of the hearing, counsel for Mr. Carr sent an e-mail to the trial court and counsel for GEICO, stating that he was ill with the flu and would be

unable to attend the hearing. The parties reached an agreement that an additional thirty days would be given to reply to the requested discovery.

On February 5, 2018, counsel for GEICO e-mailed counsel for Mr. Carr indicating he would be filing a second motion to compel regarding the continued absence of discovery responses. The following day, plaintiff's counsel replied that discovery responses would be provided no later than February 9, 2018. Despite this assurance, no responses were provided and GEICO filed its second motion to compel.

The hearing on the second motion to compel took place on March 1, 2018. No opposition was filed and neither Mr. Carr nor his counsel made an appearance. At the hearing, counsel for GEICO recounted the history of prior events:

> **Defense Counsel:**
> [Counsel for Mr. Carr] said [he would] get me stuff in 30 days. I told him 30 days was fine. Sixty days later we tried to contact him again. He says give me until the end of the week; still [did] not get it.
>
> Wait a few more weeks; file a motion to compel; talked to him yesterday he is now telling me that the problem has been that he has lost touch with his client, but it is the first time he mentions that to anyone.
>
> **The Court:**
> How much time do you want me to give him?
>
> **Defense Counsel:**
> Your Honor, what I would like is let's give him 30 days. If he does not produce it by then, sanctions or dismissal of the case.

The trial court granted GEICO's motion to compel. The judgment was reduced to writing on March 15, 2018, ordering plaintiff to respond to the outstanding discovery within thirty days.

On April 26, 2018, over a year after the initial request for discovery was sent, GEICO filed a motion for sanctions and dismissal averring that plaintiff had

failed to comply with the trial court's order compelling discovery. A hearing was set for June 15, 2018, and an opposition was filed two days prior to the hearing. Attached to the opposition were the requested discovery responses. Twelve of the twenty-six answers to the interrogatories stated: "Currently, the undersigned counsel is not aware of the whereabouts of the Plaintiff. The Plaintiff reserves his right to supplement this response." GEICO asserted several other answers to the interrogatories, and the responses to the request for production of documents, were similarly insufficient.

At the hearing on the motion for sanctions and dismissal, counsel for Mr. Carr confirmed he was unable to locate his client despite diligent efforts and pointed out that he submitted responses to the discovery based on the information available. The trial court stated that GEICO had a right to receive answers to its discovery and elaborated:

> I cannot let this linger because you think you are going to find your client. You have had adequate time. You had a motion to compel. You had inadequate [responses to] discovery. … I have no other choice [but] to dismiss for noncompliance of the discovery order.

When counsel for GEICO inquired whether the dismissal was to be with or without prejudice, the trial court stated that the dismissal had to be with prejudice.

Counsel for Mr. Carr requested an additional seven days from the date of the judgment to further attempt to locate his client and potentially file a motion for new trial. Counsel for GEICO stated:

> I will tell you what I will do, Your Honor, I will circulate the judgment. It will take five days or whatever anyway. So by the time the seven days are over at least I have circulated the judgment and the judgment is done. I can file the judgment that way. I will go seven days from today including the weekend.

In the absence of a response from plaintiff's counsel, GEICO filed the proposed judgment on the motion for sanctions and dismissal on June 22, 2018. The judgment was signed on June 29, 2018, dismissing the claims of Mr. Carr against GEICO with prejudice.

A motion and order for devolutive appeal was filed and signed by the trial court. This appeal followed.

## DISCUSSION

The sole assignment of error presented for our review is whether the trial court abused its discretion in dismissing Mr. Carr's claims with prejudice for failure to comply with the court ordered discovery. A trial court is granted wide discretion in imposing sanctions for a party's failure to comply with discovery orders and its ruling should not be reversed absent an abuse of discretion. *Duffy v. Pendleton Memorial Methodist Hosp.*, 2010-0660, pp. 4 (La.App. 4 Cir. 12/8/10), 53 So.3d 636, 639.

A court's power to impose a sanction of dismissal is codified in La. C.C.P. art. 1471. The statute provides, in relevant part:

> A. If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, including any of the following:
>
> * * *
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Although the article provides that dismissal is a remedy available to courts for a party's failure to comply with court ordered discovery, dismissal is a harsh penalty that should be reserved for extreme circumstances and only the most culpable conduct. *See Horton v. McCary*, 1993-2315, p. 10 (La. 4/11/94), 635 So.2d 199,

4

203. In *Horton*, our Supreme Court adopted four factors to consider when evaluating whether a party's failure to comply with court ordered discovery warrants a sanction of dismissal. These factors are: (1) whether the violation of the order was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violation prejudiced the opposing party's trial preparations; and (4) whether the client participated in the violation or simply misunderstood the court order or innocently hired a derelict attorney. *Id.*, pp. 10-11, 635 So.2d at 203.

Refusal to comply with court ordered discovery is a serious matter and trial courts must have severe sanctions available to deter litigants from disregarding discovery orders. *Id.*, p. 10, 635 So.2d at 203. We further recognize that delays in a party's ability to obtain the most basic of discovery responses frustrate the judicial system. *See Hutchinson v. Westport Ins. Corp.*, 2004-1592, pp. 3-4 (La. 11/8/04), 886 So.2d 438, 440-41 (per curiam). Thus, trial judges must be vested with inherent power to maintain control of their dockets. *At Your Service Enterprises, Inc. v. Swope*, 2007-1620, p. 7 (La.App. 4 Cir. 1/14/09), 4 So.3d 138, 143; *see also* La. C.C.P. art. 1631(A).

At the time of the hearing on the motion for sanctions and dismissal, counsel for Mr. Carr had yet to locate his client. In its oral reasons, the trial court expressed its concern with allowing the case to proceed under those circumstances. The case had not progressed since the initial filing of the petition which was nearly a year and a half prior to the hearing. Other than his disappearance, no explanation was given for Mr. Carr's failure to respond to GEICO's discovery for over a year. Under these unique circumstances, we find dismissal was warranted. However,

pursuant to *Horton*, we turn to examine whether the trial court abused its discretion by dismissing Mr. Carr's claims with prejudice.

This Court has recognized that dismissal of a claim with prejudice, the ultimate sanction against a plaintiff, should only be imposed when the record establishes that the noncompliance with a discovery order was due to the willfulness or fault of the plaintiff and not merely the attorney. *Medical Review Proceedings of Peter v. Touro Infirmary*, 2005-0317, p. 5 (La.App. 4 Cir. 7/6/05), 913 So.2d 131, 134 (citations omitted). Further, dismissal with prejudice should not be imposed absent evidence in the record that the plaintiff was clearly aware that noncompliance would result in this sanction. *Id*.

Counsel for Mr. Carr argues that the record is devoid of any evidence to show that failure to comply with the court ordered discovery was due to the willfulness, bad faith, or fault of the plaintiff, himself. Conversely, GEICO maintains that plaintiff's disappearance, as substantiated by his counsel's own statements, shows willfulness on the part of Mr. Carr by his failure to participate in the prosecution of his own case. The record reflects that the trial court ultimately assigned fault to Mr. Carr. We find this determination unsupported by the record.

The sanction of dismissal with prejudice should be reserved for those plaintiffs whose fault and awareness of this extreme penalty are affirmatively established by evidence in the record. Such is not the case before us. There is no evidence in the record reflecting Mr. Carr's willfulness or awareness of the consequences of his noncompliance. *See Rodriquez-Zaldivar v. Leggett*, 2018-0410, p. 4 (La.App. 4 Cir. 1/23/19), ___ So.3d ___, 2019 WL 302223 (despite arguments of counsel and assertions in briefs that plaintiff was deported to Honduras, no evidence was in the record to support the contention). GEICO relies

6

on the argument of Mr. Carr's counsel to establish Mr. Carr's fault. This is not evidence. *Id*. Additionally, we note that no trial date or discovery cutoff dates had been set in this matter limiting the prejudice to GEICO. *Cf. Swope*, 2007-1620, p. 12, 4 So.3d at 145-46 (dismissal with prejudice appropriate where, in addition to failing to respond to discovery, plaintiff also failed to show up to, or produce witnesses for, his trial). We therefore find the trial court abused its discretion in granting the dismissal with prejudice.

Accordingly, in consideration of less drastic sanctions, we find the appropriate sanction under the facts of the case *sub judice* is dismissal without prejudice. *See Lane v. Kennan*, 2004-2118, pp. 4-5 (La.App. 4 Cir. 4/27/05), 901 So.2d 630, 633 (despite failing to respond to discovery for over six months, judgment of dismissal with prejudice amended to dismissal without prejudice because record was devoid of evidence of plaintiff's fault or awareness of potential sanction of dismissal).

## DECREE

For the foregoing reasons, we amend the judgment of the trial court to dismiss Mr. Carr's suit without prejudice, and affirm as amended.

**JUDGMENT AMENDED;**
**AFFIRMED AS AMENDED**

7