JAMES F. McKAY III, Judge.
L The appellant, Wesley Johnson, appeals the trial court’s judgment dismissing his claims against all parties with prejudice. For the following reasons, we reverse.
STATEMENT OF FACTS/PROCEDURAL HISTORY
On March 20, 2006, Mr. Johnson filed a petition for damages. The petition alleged that Richard Bell disregarded a red light and struck Mr. Johnson’s vehicle, causing physical injuries and property damage.
On October 12, 2007, the defendants propounded discovery through counsel of record to Mr. Johnson. After receiving no response or objection to the discovery, the defendants filed a motion to compel discovery on February 8, 2008. The court held a hearing on March 28, 2008. Neither Mr. Johnson nor his counsel appeared at the hearing. The court issued a judgment granting the motion to compel and giving Mr. Johnson fifteen days to comply with the outstanding discovery requests. The judgment stated that in the event that Mr. Johnson failed to respond to the outstanding discovery requests within fifteen days, the matter would be dismissed.
|2On May 21, 2008, the defendants filed a motion to dismiss for failure to participate and comply with discovery. On July 17, 2008, the court issued a judgment granting the defendants’ motion to dismiss for failure to participate and comply with discovery, dismissing all of Mr. Johnson’s claims with prejudice.
In response to the judgment of dismissal, counsel for Mr. Johnson filed a motion for a new trial. On October 28, 2008, the court issued a judgment granting the motion for new trial, but ordered that Mr. Johnson to provide written discovery responses to the interrogatories and request for production of documents propounded by the defendants. The court also ordered Mr. Johnson to attend a deposition and an independent medical examination. The court ordered that in the event Mr. Johnson failed to comply, Mr. Johnson’s case would be dismissed with prejudice at Mr. Johnson’s cost.
Thereafter, on March 23, 2010, the defendants filed a motion to compel supplementation of discovery. Therein, the defendants stated that they propounded a request for a supplementation to interrogatories and request for production of documents and that they had not received a response. Neither Mr. Johnson nor his counsel was present at the hearing. On May 13, 2010, the court granted the motion to compel supplementation of discovery, providing Mr. Johnson with ten days to comply with the request for supplementation. The court further stated that Mr. Johnson would be subject to sanctions for failure to comply with the request for supplementation.
On September 17, 2010, the defendants filed another motion to dismiss and/or motion to compel discovery. The defendants alleged that Mr. Johnson failed to comply with the court’s May 13, 2010 judgment by filing responses late and by filing responses that were still incomplete. Further, defendants alleged that |san additional request for admissions and interrogatories *218 were propounded on counsel for Mr. Johnson on August 2, 2010, and that the response was deficient. Counsel for Mr. Johnson objected to the motion to dismiss, noting that an objection was lodged to certain information sought by the defendants. On November 30, 2010, the court issued a judgment ordering Mr. Johnson to provide supplemental discovery responses within fifteen days.
On January 7, 2011, defendants again filed a motion to dismiss, alleging that Mr. Johnson failed to provide complete responses to the request for admissions and interrogatories as ordered by the court on November 30, 2010.
Counsel for Mr. Johnson filed a motion to withdraw as counsel of record. The trial court denied counsel for Mr. Johnson’s motion to withdraw as moot. The court noted that it orally granted the motion to dismiss filed by the defendants. The court issued a judgment on February 10, 2011, dismissing Mr. Johnson’s claims with prejudice.
Counsel for Mr. Johnson filed a motion for rehearing and/or a motion for new trial, which the trial court denied. Counsel for Mr. Johnson timely filed the instant motion for appeal.
STANDARD OF REVIEW
Trial courts are granted wide discretion in determining appropriate sanctions for a party’s failure to comply with discovery orders. At Your Service Enterprises, Inc. v. Swope, 2007-1620, p. 4 (La.App. 4 Cir. 1/14/09), 4 So.3d 138, 141, citing Magri v. Westinghouse Elec., Inc., 590 So.2d 830, 831 (La.App. 4 Cir.1991). Appellate courts will not reverse a trial court’s decision in that regard absent a clear showing of an abuse of discretion. Id.
|4The law permits the imposition of sanctions for a party’s failure to comply with a court order compelling discovery. See La. C.C.P. art. 1471. Moreover, there is a distinction between the sanctions available for the failure to comply with discovery and those available for disobedience of court-ordered discovery. Swope, p. 7, 4 So.3d at 143 (quoting Medical Review Panel Proceedings of Peter v. Touro Infirmary, 2005-0317, p. 4 (La.App. 4 Cir. 7/6/05), 913 So.2d 131, 134).
La. C.C.P. art. 1471(A) provides, in pertinent part:
If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying, further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
DISCUSSION
Mr. Johnson alleges that the trial court’s judgment is wrong and must be reversed. In support of his argument, Mr. Johnson cites Creppel v. Tidewater Marine Service, Inc., 94-0984 (La.App. 4 Cir.10/13/94), 644 So.2d 1071. Therein, the judgment of dismissal was reversed as this *219 Court found the plaintiff’s failure to comply was of minimal prejudice to the defendants’ trial preparation and there were other remedies available to the trial court. Id., p. 6, 644 So.2d at 1075. Further, this Court noted that “[dismissal with prejudice is the most severe ^sanction and should be imposed only in extreme circumstances where the plaintiff is clearly aware that noncompliance will result in dismissal.” Id., p. 5, 644 So.2d at 1074 (Internal citations omitted.).
The defendants argue that the trial court provided numerous warnings to Mr. Johnson if Mr. Johnson failed to comply with discovery. The defendants cited Hutchinson v. Westport Insurance Corp., 2004-1592 (La.11/8/04), 886 So.2d 438, in support of their argument that the dismissal was warranted in this case due to Mr. Johnson’s willful failure to comply with numerous court orders compelling discovery.
In Hutchinson, the Supreme Court affirmed the four factors to be considered before the drastic action of dismissal is taken. The factors to be taken into account are:
(1) whether the violation was willful or resulted from inability to comply;
(2) whether less drastic sanctions would be effective;
(3) whether the violations prejudiced the opposing party’s trial preparation; and
(4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
Hutchinson, 2004-1592, p. 3, 886 So.2d at 440, citing Horton v. McCarty, 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203.
In Hutchinson, the defendants served interrogatories and requests for production of documents upon the plaintiffs. Ms. Hutchinson represented herself and her minor son. Hutchinson, 2004-1592, p. 1, 886 So.2d at 439. Believing the answers insufficient, the defendant filed a motion to compel discovery. The court granted the motion and provided time for Ms. Hutchinson to respond. When Ms. |fiHutchinson failed to comply with the court order, the defendant filed a motion to dismiss. The trial court granted the motion to dismiss. Id., p. 2, 886 So.2d at 440. The appellate court reversed and remanded the matter to the trial court, stating that Ms. Hutchinson should be warned that her case would be dismissed if the court order was not timely obeyed. The Supreme Court granted a writ of certiorari and reversed the appellate court. The Supreme Court noted that Ms. Hutchinson was provided with an opportunity to testify prior to the dismissal. Further, the Court noted that much of the discovery was easily answered by a lay person and that Ms. Hutchinson exhibited a complete failure of a good faith effort to cooperate. The court found Ms. Hutchinson’s willful disobedience and fault sufficient to justify dismissal. Id., p. 3, 886 So.2d 440-441.
This Court recently addressed the dismissal of claims for failure to comply with court ordered discovery. In Cantuba, the plaintiffs, who filed suit in 1994, were the relatives and personal representatives of Filipino and Greek seamen who were aboard a vessel that disappeared while in international waters who filed suit in 1994. Cantuba v. American Bureau of Shipping, 2008-0497, p. 1 (La.App. 4 Cir. 6/3/09), 31 So.3d 397, 410 (on rehearing). The plaintiffs representing the Filipino seamen (Filipino plaintiffs) were ordered on February 2, 2000, to appear for depositions in New Orleans in July of 2003. The Filipino plaintiffs were unable to secure visas due to the more stringent restrictions on travel following September 11, 2001. Counsel for *220 the Filipino plaintiffs suggested taking the depositions by video teleconferencing, but this option was rejected by counsel for the defendants. Instead, the defendants filed a motion to dismiss the Filipino plaintiffs. However, on February 4, 2005, the trial court ordered the Filipino 17plaintiffs to reapply for visas to travel to the United States. Id., p. 4, 31 So.3d at 411.
Thereafter, the defendants filed supplemental interrogatories to determine whether the applications for visas had been re-filed. The answer contained information from the first application, but there was no indication that applications for visas had been re-filed. The defendants filed a second motion to dismiss the Filipino plaintiffs’ claims in June of 2007, which the trial court granted. Id., p. 5, 31 So.3d at 411.
Counsel for the Filipino plaintiffs filed a motion for new trial, arguing that counsel’s dislocation due to Hurricane Katrina and damages suffered as a result of Typhoon Durian in the Philippines made communication with the Filipino plaintiffs difficult. Counsel indicated that the applications for visas had been re-filed on July 14, 2007. Id., p. 5-6, 31 So.3d at 412.
This Court initially affirmed the trial court’s dismissal of the claims of the Filipino plaintiffs. However, on rehearing, the court examined the four factors annunciat-ed in Horton, where were reaffirmed in Hutchinson, and determined that the trial court abused its discretion. Id., p. 8, 31 So.3d at 413.
In determining that the trial court abused its discretion, this Court noted that the record was void of any evidence that the Filipino claimants willfully or in bad faith ignored the court’s orders, but rather that forces beyond their control created obstacles in the obtaining of the visas. Additionally, this Court noted that there was no evidence that the Filipino plaintiffs were aware that dismissal could result from the failure to comply with the court-ordered discovery. Further, this Court determined that the defendant’s trial preparation was not prejudiced as it had the opportunity to depose the Filipino plaintiffs via video teleconferencing. Id. This | sCourt detailed the other sanctions available to the trial court under La. C.C.P. art. 1473. This Court noted that sanctions were warranted against counsel for the Filipino plaintiffs as a result of the counsel’s noncompliance. Id., p. 9, 31 So.3d at 414. This Court reversed the portion of the trial court’s judgment dismissing the claims of the Filipino plaintiffs, but remanded the matter to the trial court for the imposition of sanctions against the counsel for the Filipino plaintiffs pursuant to La. C.C.P. art. 1473. Id., p. 10, 31 So.3d at 415.
Similarly, in this case, there is no evidence that Mr. Johnson himself knew of any of the court orders compelling discovery. Unlike Ms. Hutchinson, Mr. Johnson never appeared in court for any of the motions to compel and/or motions to dismiss for failure to respond to the court-ordered discovery. A party who lacks knowledge of a court order cannot willfully disobey such an order.
And similar to the Cantuba case, there is no evidence that any other sanction was considered and/or imposed. While the trial court ordered expenses to be paid in the various judgments compelling discovery, there is no evidence that the court considered whether the imposition of less drastic sanctions, such as sanctions against counsel pursuant to La. C.C.P. art. 1473, would be effective. Additionally, other sanctions are available. For instance, the court can order that the request for admissions be deemed admitted. La. C.C.P. art. 1467. Likewise, the court can issue an order refusing to allow the disobedient party the *221 opportunity to support designated claims. La. C.C.P. art. 1471.
Additionally, defendants never alleged that they were prejudiced in their trial preparation by the failure to comply with the court-ordered discovery.
| qFurther, there is no evidence in the record that Mr. Johnson participated in the violation of the court’s orders compelling discovery as there is no evidence that Mr. Johnson knew of the court orders compelling discovery.
After considering the record before us, we find that the trial court abused its discretion by dismissing Mr. Johnson’s claims against the defendants. However, we must note that although we consider the dismissal with prejudice to be a draconian sanction measure, it is clear from the record before this Court that the trial court has shown great forbearance. As such, we urge the trial court to consider alternative sanctions to the limit of the law. To insure that the plaintiff is aware of all court proceedings, a practical way around this conundrum is for the party seeking compliance with a discovery order to obtain an order of the court, directing that service of the order requiring discovery be served upon the party from whom the discovery is sought. See Raspanti v. Litchfield, 2005-1512, 2006-0331, p. 1 (La.App. 4 Cir. 11/21/06), 946 So.2d 234, 245.
CONCLUSION
Based upon the above and foregoing, the judgment of the trial court granting the motion to dismiss is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED