WILLIAMS, J.
| TPlaintiff, Susan Lee Shope Worley, appeals a district court judgment dismissing her claims with prejudice. For the following reasons, we affirm.
*1239 FACTS
Plaintiff, Susan Lee Shope Worley (“Susan”), and defendant, Arnold Victor Wor-ley (“Victor”), were married October 19, 1991. Two children, Victoria and Robert, were born during the marriage. On January 18, 2008, Susan filed a petition for divorce. The petition also included a request for “incidental matters,” including primary custody of the children, child support, exclusive use of the former matrimonial domicile, interim and permanent periodic spousal support and reimbursement for contributions she allegedly made to Victor’s education.
On January 25, 2008, the trial court conducted a telephone hearing with the parties. The court ordered Victor to vacate the family residence and awarded exclusive use of the home to Susan. The court also awarded temporary primary custody of the children to Susan.
On February 22, 2008, Victor filed an answer and reconventional demand, requesting temporary and permanent custody of the children and exclusive use of the matrimonial domicile and furnishings. Victor alleged that Susan was “voluntarily unemployed” and that she was at fault for the breakup of the marriage; therefore, she was not entitled to spousal support.
The trial court held a hearing on February 25, 2008. The court ordered Victor to pay $1,720 per month in interim child support and $2,500 in interim spousal support. It also ordered Victor to maintain family major medical insurance coverage, including dental and orthodontic care.
[2On April 8, 2008, a hearing officer conference was conducted. In his report to the court, the hearing officer made specific recommendations, including: (1) that the parties be awarded joint custody of the two minor children, with Susan named the domiciliary parent; (2) that Victor be ordered to pay $1,650 per month in child support and $2,800 per month in interim spousal support; (3) that Victor maintain health insurance coverage for Susan and the children; and (4) that Susan be awarded exclusive use of her vehicle pending further orders from the court. The trial court signed an interim order in accordance with the recommendations. Both parties filed objections to the hearing officer’s recommendations. A hearing was scheduled for September 11, 2008; however, the hearing was continued without date.
Thereafter, Victor filed various motions to compel responses to discovery requests, alleging that Susan had either refused to respond to discovery or had provided incomplete answers to requests. On at least two occasions, the trial court granted Victor’s motions to compel and ordered Susan to pay the costs associated with the motions.[1]
On March 24, 2009, Victor filed a “motion for judgment of divorce,” alleging that he and Susan had lived separate and apart continuously since the filing of the petition for divorce. The judgment of divorce was rendered April 6, 2009.
On August 6, 2010, Susan filed a contradictory rule, requesting that |sthe court, inter alia, (1) reset the hearing regarding the parties’ objections to the hearing officer’s recommendations; (2) compel Victor to complete his answers to her discovery requests; (3) compel Victor to pay a pro *1240 portionate share of the children’s extracurricular activities; (4) extend interim spousal support for six additional months; (5) award final periodic spousal support; and (6) order partial partition of the community property in order to disburse certain proceeds from a lawsuit involving a former community asset.
On March 10, 2011, Victor filed a motion to dismiss Susan’s objections to the hearing officer’s recommendations. He argued that the objections were set for hearing on September 11, 2008, but they were continued without date. According to Victor, the objections were abandoned because they were not timely reset for hearing. Victor also filed peremptory exceptions of no right and/or no cause of action, arguing that Susan did not have a right to seek a partial partition of community property, and that she did not have a right to claim an extension of interim spousal support because the judgment of divorce was rendered on April 6, 2009. Additionally, Victor filed a motion to compel answers to interrogatories and requests for production of documents which had been sent to Susan’s counsel on February 18, 2011.
The hearing regarding Susan’s requests and Victor’s responses was held on March 14, 2011. During the hearing, Susan testified that Victor had not paid interim spousal support from April 6, 2009, through October 6, 2009. Contrarily, Victor testified that he had paid interim spousal support for the months at issue. At the conclusion of the hearing, the trial court: (1) [.(granted Victor’s motion to dismiss Susan’s objections to the hearing officer’s recommendations on grounds of abandonment; (2) sustained Victor’s exception of no right of action with regard to Susan’s request for an extension of interim spousal support; (3) denied Susan’s motion to partially partition a community asset;[2] (4) granted Victor’s motion to compel responses to discovery; (5) denied Susan’s motion to compel; (6) ordered Susan to produce her bank statements and deposit receipts within 15 days; and (7) ordered Victor to produce documentation of his payment of interim spousal support from April 6, 2009 through October 6, 2009.
On April 14, 2011, Victor produced documentation to the trial court that he had paid the interim monthly spousal support payments. Victor also requested that Susan be sanctioned, alleging that she falsely testified, under oath, that he had failed to pay interim spousal support from April 6, 2009, through October 6, 2009. On April 25, 2011, Victor filed a supplemental motion for sanctions, alleging that Susan had falsely stated that he had failed to pay child support for the month of April 2011.[3]
The matter came for hearing on April 8, 2011. The trial court found Susan in contempt for providing false testimony with regard to the payment of interim spousal support. The court also found Susan in contempt for failing to comply with the court’s order to produce her banking records. The court sentenced Susan to serve 30 days in jail, suspended the sentence, | sand placed her on unsupervised probation for one year. Susan was ordered to pay all costs associated with the proceedings and $1,500 in attorney fees incurred by Victor.
*1241 On September 2, 2011, Susan filed a “Rule to Show Cause, Motion to Reset and Motion to Dismiss.” In this filing, Susan moved, inter alia, (1) to have Victor held in contempt for failure to comply with the court-ordered summer-visitation schedule; (2) to have Victor held in contempt for failing to follow the court-ordered Christmas-holiday visitation schedule for the 2010 holiday; (3) to have Victor held in contempt for attempting to convince one of the children to spend time with him outside of the visitation schedule; (4) to increase child support, asking the court to consider Victor’s expense-sharing with his new wife for the purposes of calculating his child support obligation; (5) to have Victor pay his proportionate share of Victoria’s private school costs; (6) to have Victor pay his proportionate share of the children’s extracurricular activities; (7) to have Victor pay the costs of transportation for the visitation exchange with the children, as Victor now lives in Dallas, Texas; and (8) to reset her rule for final periodic spousal support.
On October 5, 2011, Victor filed a motion to compel Susan “to fully respond to a set of interrogatories and requests for production of documents” propounded on April 13, 2011. Victor also requested that Susan be held in contempt for failing to pay costs as previously ordered by the court, for failing to pay attorney fees incurred by Victor as ordered by the court and for failing to comply with the court’s previous orders to | ficomply with discovery. A hearing was scheduled for December 6, 2011.
On December 2, 2011, Susan’s counsel filed a motion to continue the December 6, 2011 hearing and to withdraw as counsel of record. She also requested an emergency status conference. Susan’s counsel alleged that she (counsel) was unable to complete the discovery responses on Susan’s behalf. Counsel also alleged that she desired to withdraw as Susan’s counsel “due to personal professional and health reasons!.]” The trial court denied the motion to reset the hearing and ordered Susan to show cause as to why her counsel should not be allowed to withdraw. The hearing remained scheduled for December 6, 2011.
At the conclusion of the hearing, the court granted Victor’s motion to compel and ordered Susan to complete all requests for discovery by January 5, 2012. The court also found Susan in contempt for failing to pay costs and attorney fees as ordered. Susan was ordered to pay an additional $1,000 in attorney fees incurred by Victor, as well as the costs associated with his latest motion to compel. The court denied counsel’s motion to withdraw.
On February 9, 2012, Victor filed a motion to dismiss Susan’s claims, arguing that Susan had failed to complete answers to his requests for discovery. A hearing was scheduled for July 24, 2012.
On the date of the hearing, Susan’s counsel filed a motion to withdraw. Counsel alleged that she had notified Susan of the hearing date and had requested to meet with her to prepare for the hearing; however, she was unable to negotiate a “convenient time” to meet with Susan. Counsel also alleged that Susan had not paid her legal fees and would not agree to 17disburse funds held in escrow to pay counsel.[4] Further, counsel alleged that she had reminded Susan of the hearing date two days prior to the hearing, but Susan responded that she “had never agreed to a court date” and that counsel had not informed her of the date. According to counsel, Susan instructed her to “cancel court” and informed counsel that if *1242 she went to court, “it would be pro bono and not authorized by Susan Worley.”
The hearing was held as scheduled, but Susan failed to appear. The court granted counsel’s motion to withdraw “on the basis of lack of communication” between Susan and her counsel. Additionally, the trial court granted Victor’s motion, dismissing all “financial related rules and motions” filed by Susan. In its oral reasons, the court stated:
T[ ]he Court has attempted to work with Ms. Worley to get — to get us to a position where we could hear all of the appropriate rules and motions and so forth and move this matter along.
[[Image here]]
[T]he Court has stayed its hand during this three or four times that it’s had to deal with contempt motions because of her failure to cooperate and to produce discovery timely and what is at stake is this, it is — it is simply the money she’s asking for from Mr. Worley. First she argues in her filing that she’s entitled to reimbursement from him because she worked while he went to school to get his degrees which resulted in him making a real good income over the years. But of course they lived together for many years after he came into a time when he was making a lot of income and so the children and [she] benefitted from that so she likely wouldn’t have prevailed on that anyway, that aspect of it. But then permanent spousal support, of course we have this problem with the interim spousal support and having to find her in contempt for lying about him not paying that timely. The Court is not angry or upset with Ms. Worley at all but the Court has come to a place where it agrees |8that it is time to take action in this matter in the way of a sanction beyond simply awarding attorneys fees and court cost[s]. And the record shows that she could even now have substantial money in the five figure category in her hands if she were to cooperate even with her own lawyer in the matter which she has not done.
[[Image here]]
The Court is going to grant the motion to dismiss all of the financial claims Susan has made except as it relates to the children. Now this dismissal does not affect any entitlement the children have under prior orders of the court. And so Mr. Worley is ordered to continue to comply with all financial obligations relative to the children.
[[Image here]]
The following day, the court signed a written judgment dismissing, with prejudice, “all financial related rules and motions filed by [Susan], including but not limited to the rule for permanent spousal support and claims for contribution to the education or training of her former spouse[.]”
Susan appeals.
DISCUSSION
Susan contends the trial court erred in dismissing her claims with prejudice. Susan argues that Victor never requested a dismissal with prejudice, and the trial court failed to make any findings regarding her knowledge, culpability and bad faith prior to dismissing her claims.
LSA-C.C.P. art. 1471 provides, in pertinent part:
A. If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following:
[[Image here]]
*1243 (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
_k*
C. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. LSA-C.C.P. art. 1673. Dismissal with prejudice is a severe penalty that should be applied only in extreme circumstances. Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199; L & M Products, Inc. v. State, Dept. of Transp. & Dev., 29,998 (La.App.2d Cir.12/10/97), 704 So.2d 415. Because the sanction of dismissal involves property rights, it should be reserved for the most culpable conduct. Id.
In a motion to dismiss based on the failure to comply with discovery requests, the non-compliant party should be clearly aware that his action or inaction will result in dismissal of his case. L & M Products, supra; Allwein v. Horn, 558 So.2d 810 (La.App. 5th Cir.1990). Nonetheless, the trial judge has much discretion in selecting the appropriate sanctions for failure to comply with discovery orders, and a judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse of discretion. Id.
In Horton, supra, the Louisiana Supreme Court set forth the following four factors for consideration before granting a dismissal or default judgment against a defendant who had established a pattern of intentionally withholding discoverable information from the opposing party: (1) whether the violation was willful or resulted from inability to comply; |10(2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party’s trial preparations; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
In Johnson v. Bell, 2011-1348 (La.App. 4th Cir.2/15/12), 85 So.3d 216, defendants propounded discovery to plaintiff and plaintiff failed to respond. When defendants filed a motion to compel discovery, neither plaintiff nor his attorney appeared at the hearing. The trial court granted the motion to compel and granted plaintiff 15 days to comply with the requests for discovery. Subsequently, defendants filed a motion to dismiss for failure to comply with discovery; the court granted the motion and dismissed plaintiffs claims with prejudice. Plaintiff then moved for new trial; the trial court granted the motion and ordered plaintiff to provide written discovery responses and to attend a deposition and an independent medical examination. Plaintiff failed to do so, and defendants filed a motion to compel. Again, neither plaintiff nor his attorney appeared at the hearing. The court granted the motion to compel and ordered plaintiff to comply within 10 days. Approximately four months later, defendants filed a motion to dismiss and/or motion to compel. Again, the court issued a judgment ordering plaintiff to comply with defendants’ requests for discovery. Plaintiff failed to respond as ordered; therefore, defendants filed another motion to dismiss. The court *1244 granted the motion and dismissed plaintiffs claims with prejudice. The court of appeal reversed, finding that the trial court abused its discretion by dismissing the claims. The court Instated:
[Tjhere is no evidence that [plaintiff] himself knew of any of the court orders compelling discovery. [Plaintiff] never appeared in court for any of the motions to compel and/or motions to dismiss for failure to respond to the court-ordered discovery. A party who lacks knowledge of a court order cannot willfully disobey such an order.
⅜ * *
[T]here is no evidence that any other sanction was considered and/or imposed. [0]ther sanctions are available.
[[Image here]]
Additionally, defendants never alleged that they were prejudiced in their trial preparation by the failure to comply with the court-ordered discovery. Further, there is no evidence in the record that [plaintiff] participated in the violation of the court’s orders compelling discovery as there is no evidence that [plaintiff] knew of the court orders compelling discovery.
⅜ * ⅜
Id. at 220-21. The supreme court granted defendant’s writ application, reversed the court of appeal’s judgment, and reinstated the trial court’s order of dismissal. The Court stated:
While dismissal is a draconian penalty which should only be applied in extreme cases, it does not appear that the district court abused its discretion in ordering dismissal under the facts of the present case. There is sufficient evidence to support the conclusion that plaintiffs failure to comply with discovery was willful and warranted the harsh remedy imposed by the district court.
[[Image here]]
Johnson v. Bell, 2012-0600 (La.5/18/12), 89 So.3d 1200 (internal citations omitted).
In the instant case, throughout this protracted litigation, the trial court ordered Susan to respond to discovery on several occasions. After Susan failed to respond as ordered, the court patiently issued more rulings ordering [ iaher to respond. When Susan continued in her delinquency, the court attempted to discourage her from disobeying its discovery orders by ordering her to pay costs associated with the motions to compel. Still, Susan did not respond to discovery requests and did not pay the costs as ordered. Susan continued to disobey the court’s orders; therefore, the court, again, ordered her to comply with discovery and to pay costs. Nevertheless, Susan did not comply and did not pay costs. When Victor filed another motion to compel and a request for sanctions, the court ordered Susan to comply; Susan was also ordered to pay costs, as well as attorney fees in the amount of $1,500. Susan’s behavior did not improve; she continued to disregard the court’s orders for discovery and payment of costs and fees. When Susan disregarded the court’s orders, yet again, Victor filed another motion to compel and requested that she be held in contempt and sanctioned. The court ordered Susan to respond to requests for discovery by January 5, 2012, and held her in contempt for her failure to pay court costs and attorney fees as ordered. Again, the court ordered Susan to pay costs and attorney fees previously assessed, in addition to another $1,000 in attorney fees. Yet again, Susan disregarded the court’s order. When Victor filed a motion to dismiss Susan’s claims, Susan responded by refusing to meet with her attorney and refusing to attend the hearing, on the basis *1245 that she did not “agree to” the hearing scheduled by the court.
Under the facts of this case, we find that the trial court did not abuse its discretion in dismissing, with prejudice, Susan’s financial claims. The record contains ample evidence to show that Susan continuously and |iawillfully failed and/or refused to comply with multiple requests for discovery, despite the court’s prior sanctions. Susan was present at various hearings during which her failure to comply with discovery requests was a source of contention. The court ordered less drastic measures, such as the payment of costs, attorney fees and sanctions. Yet, Susan refused to comply and refused to pay the costs and fees. Susan doggedly interfered with Victor’s ability to prepare for trial by refusing to produce her financial records (despite the court’s specific order that she do so) and proof of her monthly living expenses. Susan’s trial counsel stated on the record that she had explained the judicial process to Susan, and this court has little doubt that Susan, a college-educated woman, understood the process. Consequently, we must agree with the trial court that Susan’s conduct warranted the harsh remedy of dismissal of her financial claims with prejudice.
Additionally, the trial court stated on the record that the order of dismissal would not affect any claims regarding the children. However, the written judgment provided for the dismissal of “all financial related rules and motions filed by [Susan], including but not limited to the rule for permanent spousal support and claims for contribution to the education or training of her former spouse[.]” The judgment did not mention the claims regarding Victor’s proportionate share of the children’s private schooling, extracurricular activities and transportation for the children for the purposes of visitation. Accordingly, we clarify that only Susan’s financial claims with regard to herself (permanent spousal support and claims for | ^reimbursement for her contribution to Victor’s education) are dismissed with prejudice. All financial claims regarding the children remain viable.
CONCLUSION
For the reasons set forth herein, the trial court’s judgment is affirmed. Costs of this appeal are assessed to plaintiff, Susan Lee Shope Worley.
AFFIRMED.

. On October 31, 2008, the trial court ordered Susan to "answer or respond completely and under oath the interrogatories and request for production of documents sent to her[.]” She was assessed with "all costs associated with the motion to compel.” On February 25, 2009, Susan was again ordered to pay the costs associated with another motion to compel filed by Victor.

. Subsequently, on April 14, 2011, the court ordered that "a partial disbursement in the amount of [$30,000] shall be made of the monies presently held in the Paul Hurd, Attorney at Law, trust account through the successful litigation of [a tort suit filed by Victor and Susan].” The court ordered that each party receive payment of $15,000.

. Subsequently, Susan dismissed her claim that Victor had failed to pay child support in April 2011.

. According to counsel's assertions on the record, Victor had agreed to disburse the remainder of the funds being held in escrow; however, Susan refused to do so.